# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

JOE BENOIT MARTIN,                    )
AIS NO. 208789                        )
                                      )
    Plaintiff,        )
                                      )
vs.                                   )    CIVIL ACTION NO. 07-335
                                      )
STATE OF ALABAMA, DEPT. OF            )
CORRECTIONS, et al.                   )
                                      )
    Defendants.       )

## ANSWER
## And
## SPECIAL REPORT

Defendant(s) submit their Answer and Special Report as ordered by the Court.

## NAMED DEFENDANTS

1. Commissioner Richard Allen

2. Warden Leon Forniss

3. Capt. Edward Robinson

4. Lt. Billy Pittman

5. Sgt. Marcus Sanford

6. CO Supervisor Willie Copeland

## PETITIONER'S ALLEGATIONS

The Petitioner, an inmate in the Alabama Department of Corrections, alleges that, while he

was confined at Staton Correctional Facility, defendants failed to adequately protect him from

1

being assaulted by inmate Robert Hardy, after two (2) incidents between the two (2) inmates.

Petitioner makes a second claim of "lack of security in said institution due to indifference and over-crowding".

Petitioner's last claim is for "failure to adhere to ADOC regulations regarding separation of known enemies".

## ANSWER

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

5. The allegations contained in the Plaintiff's Complaint against the Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County,* 880 F. 2d 305, 309 (11th Cir. 1989).

6. The Defendants plead all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

2

8. The Defendants plead the affirmative defenses of waiver, contributory negligence and assumption of the risk.

9. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

10. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

12. Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

13. The above listed ADOC Defendants allege that the Plaintiff suffered no more that de minimus injuries, thereby barring his Eighth Amendment claim.

14. The above listed ADOC Defendants reserve the right to amend their defenses, including additional affirmative defenses, upon the receipt of information through discovery and otherwise.

## **EVIDENTIARY SUBMISSIONS**

1. Affidavit of Annie Latimore certifying copies of the Incident Reports and Disciplinary Reports. (Exhibits 1A through 1H).

2. Affidavit of Warden III Leon Forniss. (Exhibit 2)

3. Affidavit of Captain Edward Robinson. (Exhibit 3)

4. Affidavit of CO Supervisor Willie Copeland. (Exhibit 4)

5. Affidavit of Lt. Billy Pittman. (Exhibit 5)

6. Affidavit Sgt. Marcus Sanford. (Exhibit 6)

## INVESTIGATION RESULTS

As the Warden III for Staton, defendant Leon Forniss only had institutional management involvement with the inmates involved in this law suit. Warden Forniss' only involvement was to review\approve the inmate incident reports and\or disciplinary reports. (Exhibit 2)

The reports revealed that on February 2, 2007, petitioner Martin was assaulted in his bunk, while asleep, by inmates Simmons and Hardy. Both Simmons and Hardy were placed in single cells pending investigation. Disciplinary actions were initiated against both attackers. (Exhibit 2) All three inmates involved subsequently signed an "Inmate Living Agreement", stating they could live together in the institution peacefully, without any violence between them.

Warden Forniss reports further that there was a second incident between Martin and Hardy in the chow hall on March 27, 2007. It was determined that the "assault" by Hardy consisted of Hardy throwing his glass of juice in the face of petitioner Martin. (Exhibit 2)

As policy requires, Hardy was placed in a single cell pending investigation, and petitioner was permitted to return to his assigned bed in the population. Hardy remained in the single cell while an enemies validation investigation was conducted on Petitioner and Hardy. Appropriate incident reports and disciplinary actions were initiated against Hardy. (Exhibit 2).

It was not until April 25, 2007, that petitioner ever expressed any "fear of harm" sentiments to anyone. Martin told defendant Lt. Willie Copeland that he feared bodily harm at

4

Staton. For his own safety, petitioner was placed in a single cell pending transferring him to another institution Two (2) days later, petitioner was transferred to Kilby Correctional Facility.

Defendant Captain Edward Robinson states that his only involvement was as the reviewing officer on the February 2, 2007 incident report and as the approving authority on the March 27, 2007 incident report. (Exhibit 3)

Defendant CO Supervisor Willie Copeland testifies that all appropriate corrective and safety actions were taken after both incidents involving Hardy and\or Simmons. All Administrative Regulations were followed, and Hardy was immediately placed in a single cell for the safety of petitioner. Copeland confirms that after the first incident, all three inmates involved voluntarily entered into an Inmate Living Agreement. (Exhibit 4)

Lt. Billy Pittman is the 3rd shift supervisor. He had no involvement with the first incident on February 2, 2007 incident. However, he states in his affidavit that he was the investigating officer on the March 27, 2007 incident which occurred in the breakfast chow hall. Both inmates were charged with Fighting Without A Weapon. Hardy was found guilty and received punishment, while petitioner was found Not Guilty.

Lt. Pittman states that he exercised his best judgment in handling the incident and the inmates involved, strictly in accordance with ADOC Administrative Regulations. (Exhibit 5)

Defendant Sgt. Marcus Sanford states in his affidavit that his only involvement was to complete the Inmate Detention Notification Form placing inmate Hardy in a single cell. He later served as the disciplinary hearing officer, finding petitioner "not guilty" of "fighting without a weapon". (Exhibit 6)

## **ARGUMENT**

The Plaintiff does not, with any specificity, allege any actions or inaction on the part of

these Defendants which would subject them to liability under 42 U.S.C. Section 1983. He has

failed to demonstrate any set of facts which rise to the level of a constitutional deprivation.

### RESPONDEAT SUPERIOR

Inmate Martins' complaint itself, recognizes that the duties of these defendants were those

of a supervisory nature, only. Martin makes only broad, self-serving, unsubstantiated allegations

of wrong against each named defendant but he fails completely in his obligation to make specific

allegations of specific acts or omissions against each defendant, which he claims violates his

constitutional rights. If at all, this claim is based upon the theory of *respondeat superior*, which is

unavailable under Section 1983. *Farrow v. West* 320 F3d. 1235 (11thCir.2003).

### DELIBERATE INDIFFERENCE

In order to succeed on a claim of deliberate indifference or "failure to protect", under the

Eighth Amendment, petitioner must first prove that the situation was, objectively, sufficiently

serious, and that the Defendant(s) acted with sufficiently culpable state of mind so as to constitute

deliberate indifference to an inmates' health or safety, by acting or failing to act despite

knowledge of such substantial risk of serious harm. *Stephens v. Johnson* 83 F3d. 198 (8th

Cir.1995).

A negligent act or omission will not support a claim under Section 1983. *Ray v. Foltz* 2004

WL 1144698 (11th.Cir. May 24, 2004). See also *Taylor v. Ledbetter*, 818 F2d. 791, 794 (11th.Cir.

1987).

The Supreme Court, in the case of *Wilson v. Seiter*, 501 U.S. 294 (1991) at 301-05, in

discussing the "deliberate indifference" standard, stated that prison officials mere negligence does

not equal deliberate indifference.

See also *Riccardo v. Rausch*, 375 F.3[rd] 521, 525-27, which holds that a prison officials'

6

failure to alleviate a significant safety risk did not rise to the level of deliberate indifference. The Riccardo court held that even if a jury could conclude that the official should have known of the risk, "reasonableness" is a negligence standard, and negligence does not give rise to an 8th Amendment claim.

After the first incident on February 2, 2007, all three inmates voluntarily entered into a living agreement, in which they all agreed to live peacefully with each other in the institution. If Martin had "feared" for himself at that time, why didn't he tell someone instead of entering into the living agreement? Simply, because he was not fearful. But even if he was, defendants are not required to be able to read his mind, if he does not speak up.

The undisputed facts in this case are that Martin did not complain to anyone that he was in fear of danger to himself until after the drink throwing incident in the breakfast chow hall on March 25, 2007. As soon as he told Lt. Copeland on April 25, 2007 of his fears of staying at Staton, immediate and decisive actions were initiated to place Martin in a secure single cell until he could be transferred to a facility that was safer for him. A mere two (2) days later, he was transferred to Kilby which has more secure single cells and where he was away from Inmates Simmons and Hardy.

## SOVEREIGN IMMUNITY

### (1983 CLAIMS)

Petitioner Martins' suit names the Alabama Department of Corrections and six of the Departments officers and employees as defendants. Martin names each corrections officer only by his official rank\position, never making any allegations against any defendant in his individual capacity. Therefore, all claims against all defendants are due to dismissed, as a matter of law, due to lack of subject matter jurisdiction.

Claims against the State of Alabama and its agencies, officers and agents, under Section 1983, are barred by the 11th Amendment to the United States Constitution. <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989); see also <u>Dean v. Barber</u>, 951 F.2d 1210, 1215 (11th Cir. 1992).

Plaintiff's federal claims (as well as any state pendente claims) under 42 U.S.C., Section 1983 against these defendants in their official capacity, are barred by the 11th Amendment to the United States Constitution. The 11th Amendment to the U.S. Constitution bars the federal court from exercising jurisdiction over states. <u>Ex Parte Young</u>, 209 U.S. 123.

The 11th Amendment to the Constitution of the United States of America bars any claims, including any and all pendente state law claims, against a state or its officials in the absence of the consent of the state. See <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 99-100 (1984) (wherein the Supreme Court of the United States held that the 11th Amendment barred any and all state law claims brought in U.S. District Court under pendente jurisdiction, as well as under Section 1983.) Inmate Martin has failed to allege, and he offers no evidence whatsoever that there has been a waiver of the State of Alabama's 11th Amendment immunity in this case. Therefore, plaintiff's claims against these defendants in their official capacity, are all barred for lack of subject matter jurisdiction.

### STATE LAW IMMUNITY

Article I, Section 14, Constitution of Alabama 1901, provides that the "State of Alabama shall never be made a defendant in any court of law or equity". The longstanding principle of state sovereign immunity, which is written in to Alabama's Constitution, holds very clearly that the state and its agencies, have absolute immunity from suit in any court. <u>Ex Parte Franklin County Dept. of Human Resources</u>, 674 So.2d 1277, 1279 (Ala. 1996).

In the 2001 case of <u>Larkins v. Dept. of Mental Health</u>, 806 So.2d 358, 363 (Ala. 2001), the

8

Alabama Supreme Court, citing <u>Druid City Hospital Board v. Epperson</u>, 378 So.2d 696 (Ala. 1979), said "recently, this court restated the long settled principle concerning the immunity of the State of Alabama from suit in the precedent firmly supported by the doctrine of stare decisis, which holds that an action which is contrary to the state's immunity is an action over which the courts of this state lack subject matter jurisdiction". "And its immunity cannot be waived by the Legislature or by any other State authority."

The State of Alabama and all of its services must operate through its agencies, officers and employees. The courts are firm in their holdings that state agencies, officers and employees are absolutely immune from tort liability. <u>Rutledge v. Baldwin Co. Commission</u>, 495 So.2d 49 (Ala. 1986).

The State of Alabama, its agencies, officers and employees, in their official capacities and individually, are absolutely immune from suit. These defendants, as officers, employees and agents of the Alabama Department of Corrections, are entitled to invoke sovereign immunity from suit.. See <u>Destafney v. University of Alabama</u>, 413 So.2d 391 (Ala. 1981).

### CONCLUSION AND RESERVATION OF DEFENSES

Petitioner Martin completely fails to allege and prove any set of facts which rise to the level of a constitutional violation. For the reasons set out above, these defendants argue that all claims against them are due to be dismissed as a matter of law.

Martin's entire lawsuit is against the State of Alabama Department of Corrections, and six corrections officers of the Department. Defendants take the position that petitioner makes no claims against any defendants in their individual capacity, and therefore, all defendants are entitled to absolute sovereign immunity. However, if the court deems that petitioners' complaint should be taken as asserting claims against the named defendants in their individual capacities, these

defendants respectfully reserve the right to amend and supplement their Special Report to assert and argue those defenses that would be applicable to claims against a state officer in their individual capacity.

<div style="margin-left: 40%">

Respectfully submitted:

KIM T. THOMAS (THO115)
GENERAL COUNSEL


  /s/ Neal P. Conner_____
Neal P. Conner, Assistant General Counsel
CONNN2024
Attorney for Alabama Department
of Corrections

</div>

**ADDRESS OF COUNSEL:**
Neal P. Conner, Counsel
Alabama Department of Corrections
Legal Division
301 South Ripley Street
Montgomery, Alabama 36130
(334) 353-3890
(334) 353-3891 FAX

10

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed individual

by U.S. Mail, postage prepaid, this the 11th day of June, 2007.

Joe Benoit Martin, AIS #208789
Staton Correctional Facility
Post Office Box 56
Elmore, AL 36025


/s/ Neal P. Conner
Neal P. Conner

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE BENOIT MARTIN, #208789     )
                                        )

         Plaintiff,            )
                                          )

       v.                    ) CIVIL ACTION NO.2:07-CV-335-MEF
                                          )

STATE OF ALABAMA DEPT OF     )
CORRECTIONS, et.al.,             )
                                          )

        Defendants           )

## **A F F I D A V I T**

**State of Alabama**    **:**

**Elmore County**       **:**

Before me, the undersigned authority, a Notary Public in and for said County and
State of Alabama at Large, personally appeared Annie Latimore, who being known to me
and being by me first duly sworn, deposes and says on oath as follows:

My name is Annie Latimore. I hereby certify and affirm that I am the Alternate
Custodian of Records at Staton Correctional Facility, P. O. Box 56, Elmore, Alabama
36025. I am over twenty-one years of age and am competent to testify to the matters
stated herein.

The attached *State of Alabama, Department of Corrections Institutional
Incident Report* number SCF-07-0093 consisting of nine pages, *Alabama Department of
Corrections, Disciplinary Reports* number SCF-07-0093 consisting of 3, 4, and 4 pages

**EXHIBIT** _1-A_

respectively, *State Of Alabama, Department of Corrections Institutional Incident Report* number SCF-07-0279 consisting of seven pages, and *Alabama Department of Corrections, Disciplinary Reports* number SCF-07-0279 consisting of 10 and 3 pages are true, and exact and correct photocopies of documents maintained here in the institutional files.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at Staton Correctional Facility and that said documents and entries therein were made reasonably near the time that such acts, events and transactions referred to therein are said to have occurred.


ANNIE LATIMORE

SWORN TO and SUBSCRIBED before me this ____ day of May 2007.

NOTARY PUBLIC

4-10/2010
My Commission Expires:

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **Staton Correctional Facility** | 2. Date: **3-27-2007** | 3. Time: **3:10 AM** | 4. Incident Number: **SCF 07-0279** | Class Code: **C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: **Dinning Hall** | 6. Type of Incident: **Fighting Without A Weapon** |
|---|---|

| 7. Time Incident Reported: **3:10 AM** | 8. Who Received Report: **Captain George Edwards** |
|---|---|

**9. Victims:**

| | Name | | AIS |
|---|---|---|---|
| a. | | No. | |
| b. | | No. | |
| c. | | No. | |

**10. Suspects:**

| | Name | | AIS |
|---|---|---|---|
| a. | Joe Martin | No. | W/M 208789 |
| b. | Robert Hardy | No. | W/M 176046 |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |

**11. Witnesses:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |
| b. | | No. | |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |
| f. | | No. | |
| g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence:
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a  N/A
b
c
d
e

**15. Narrative Summary:**

On 3-27-2007 Lt. Billy Pittman was assigned as Third Shift Commander. Lt. Pittman responded to a Code Blue in the dinning hall at approximately 3:10 a.m. . After arriving in the dinning hall Lt. Pittman observed Officers' Jeffery Washington and Roderick Underwood with inmates Joe Martin W/M 208789 assigned to B-1-18A and Robert Hardy W/M 176046 assigned to D-3-4B being held at bay from one another. Both inmates had visible signs of having been in some type of physical struggle. Lt. Pittman instructed Officer Washington to escort inmate Martin to the Shift Commanders Office while Officer Underwood placed handcuffs on inmate Hardy. After inmate Hardy had been handcuffed Officer Underwood along with Lt. Pittman escorted inmate Hardy to the Shift Office. Lt. Pittman questioned both inmates as to what caused the two to begin fighting. Both stated that the fight began after inmate Hardy turned and asked inmate Martin to stop talking about him (Hardy). Inmate Martin stated he was talking to inmate Terry Bolin about an inmate that had transferred away from Staton on 3-25-07. Inmate Hardy states inmate Martin and he had been involved in an altercation in February and inmate Hardy received a disciplinary on 2-3-07 for violation of rule # 31 Assault on Another Inmate. Inmate Hardy and inmate Charles Simmons B/M 191397 assaulted inmate Martin in B-Dormitory on 2-2-07.

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division | COPY to Deputy Commissioner of Operations (Class A and B ONLY) COPY to Institutional |
|---|---|---|
| File | COPY to Central Records Office | |

EXHIBIT 1-B

Narrative Summary (Continued) Page No.

**Inmates Hardy and Martin were escorted to Staton's Health Care Unit where they received Body Charts, (See attached).**
**Inmate Hardy was placed into Holding Unit Cell # 2A pending disciplinary action for violation of rule # 35 Fighting**
**Without A Weapon. Inmate Martin was released back to his assigned bed pending disciplinary action for violation of rule #**
**35 as well. Inmate Martin was released to his assigned bed due to their not being a bed available in the Holding Unit in**
**which to detain him (Martin). End of report.**

Lt. Billy Pittman

ADOC Form 302-B – June 1, 2005

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | | ☐ SICK CALL ☐ EMERGENCY |
|---|---|---|---|---|
| 3 / 21 / 07 | ☐ AM ☐ PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | SCF | ☐ OUTPATIENT |

ALLERGIES  NKA

CONDITION ON ADMISSION
☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 93 ☐ ORAL ☐ RECTAL   RESP. 18   PULSE 70   B/P 110/67   RECHECK IF SYSTOLIC ____ / ____ <100> 50

NATURE OF INJURY OR ILLNESS

Body chart requested
by DOC. I called in a
fight

| ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

1) Brought to JHCU by officer
Malloy, alert, oriented x
3. No c/o complaint telling nurse
he got hit multiple times
alleged assault to Hellfire
on left lower leg, claims
multiple to 4th and 5th hand
hand, No acute distress
4) Slight skin reddening
5) HCP informed Merrell

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Cleanse abrasions | | |
| H2O2 T/Neosporin appl'd | | |
| C bandaid | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE | |
|---|---|---|---|---|
| 3 / 21 / 07 | ☐ AM ☐ PM | ☑ DOC ☐ AMBULANCE ☐ | ☑ SATISFACTORY ☐ FAIR | ☐ POOR ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| | 3/21/ | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Harris, Robert | 176046 | 10/25/79 | B/M | SCF |

PHS-MR 70007   (White – Record Copy, Yellow – Pharmacy Copy)



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE 3 /27 /07 | TIME 0341 ☑AM ☐PM | ORIGINATING FACILITY ☐SIR ☐PDL ☐ESCAPEE ☐_____ | | ☐SICK CALL   ☐EMERGENCY ☐OUTPATIENT |
|---|---|---|---|---|

| ALLERGIES   NLDA | CONDITION ON ADMISSION ☑GOOD  ☐FAIR  ☐POOR  ☐SHOCK  ☐HEMORRHAGE  ☐COMA |
|---|---|

| VITAL SIGNS: TEMP   97·8  ☑ORAL/RECTAL | RESP.   20 | PULSE  102 | B/P  / | RECHECK IF SYSTOLIC   / <100> 50 |
|---|---|---|---|---|

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN ˣˣ ˣˣ | FRACTURE ᶻ ᶻ | LACERATION / _____ SUTURES |
|---|---|---|---|---|---|

S - "A man jumped on me in the
kitchen for no reason and we
started fighting."

O - 1) ∆B noted Small scratch to ♂ elbow
with bruise and abrasion ca to left
side of forehead. No bleeding or
any sign of fracture noted @

PHYSICAL EXAMINATION
this time. O² Sat – 97°.

PROFILE RIGHT OR LEFT

A - Appears to be fine (see body chart)

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

P - return to DOC.

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE 3 /27 /07 | TIME 03⁴⁵ ☑AM ☐PM | RELEASE / TRANSFERRED TO ☑DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☑SATISFACTORY  ☐POOR ☐FAIR  ☐CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE H? –?? | DATE 3/27/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) MARTIN   JOE | DOC# 208789 | DOB 7/27/57 | R/S w/m | FAC. SCC |
|---|---|---|---|---|

INSTITUTION: Staton Correctional Fac

INMATE Hardy, Robert B/m 176046 DATE Mar/27/07

✓ 1. BIBLE (1)

✓ 2. STATIONARY/STAMPS

— 3. PENCIL (1)

✓ 4. SOCKS - WHITE (6 pr.)

✓ 5. UNDERSHIRTS/UNDERWEAR - WHITE (6)

✓ 6. HANDKERCHIEFS (6)

✓ 7. TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS

✓ 8. LEGAL PAPERS

✓ 9. TENNIS SHOES - WHITE (1 pr.) *Nike*

✓ 10. SHOWER SHOES (1 pr.)

— 11. RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS

— 12. WALLET (1)

— 13. WRIST WATCH (1) - $25.00 VALUE OR LESS

— 14. WEDDING BAND (1) - $50.00 VALUE OR LESS

— 15. RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN

✓ 16. BOOKS (3) - RELIGIOUS, LEGAL OR EDUCA-TIONAL (APPROVAL BY WARDEN REQUIRED)

## DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $_____    WRIST WATCH $_____    WEDDING BAND $_____

_____          _____
(INMATE SIGNATURE)                                         (WITNESS)

### PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

| | | |
|---|---|---|
| 1 I.D. card | + picture book | 3 towel / faces |
| 1 Key and lock | 2 box of envelopes | 1 legal pad |
| 1 Deodorant | 1 razor | 1 Sweat shirt. |
| 1 Soap dish | 1 Blue | 1 Nike old |
| Soap | 1 laundry bag | 1 State belt |
| 1 lotion | 1 Shampoo | 2 Set of White |
| 1 toothpaste | Pens | |
| 1 toothbrush | 3 set of state white | |
| 1 Dictionary | 2 Sock | |

X _Robert Hardy_ 176046    _B. Aloco_
(INMATE SIGNATURE)                              (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

STATON CORRECTIONAL FACILITY
**CELL BLOCK INSPECTION SHEET**

TIME: 5:03AM    DATE: 3/27/07

INMATE: Robert Hardy w/m    AIS #: 176046    CELL #: 2A

INSPECTING OFFICERS'S SIGNATURE: Officer B. Coleman

WALLS: OK writing on wall

FLOORS: OK

BED: OK

COMMODE: OK

LAVATORY: OK

OTHER ITEMS: OK

I certify that my cell 2A has been inspected by Officer B. Coleman

on the 27 day of March 2007, and the above noted defects were found.
I am responsible for keeping my cell in the same condition outlined.

X Robert Hardy
INMATE'S SIGNATURE

I certify that I have explained the rules and regulations to the above named inmate and have completely searched the cell for any contraband and there was no contraband found on this date:

Mar/27/07
DATE AND TIME CELL WAS SEARCHED

B. Coleman co
Officer's Signature

| | | | | |
|---|---|---|---|---|
| ✓ | Blanket | ✓ | Toothbrush | |
| ✓ | Sheets | ✓ | Tube of Toothpaste | |
| ✓ | Pair Socks | ✓ | Comb | |
| ✓ | Pair of Shoes | ✓ | Wash Cloth | |
| ✓ | Under Shorts | ✓ | Bar of Soap | |
| ✓ | Under Shirt | ✓ | Towel | |
| ✓ | Pillow | ✓ | Shirt | |
| ✓ | Pillow Case | ✓ | Pants | |
| ✓ | Mattress | | Jacket (weather detates) | |

Issuing Officer: Brian Coleman co

Processing Officer: Brian Coleman

STATON CORRECTIOAL FACILITY
INMATE DETENTION NOTIFICATION

FROM: _Sgt. Marcus Sanford_ _____ TEAM LEADER

TO: INMATE _Robert Hardy_ _____ AIS# _176046_ DOB: _10/25/78_

REF: **ADMINISTRATIVE SEGREGATION**

You are placed in Administrative Segregation for:

_R.V. #35 Fighting Without A Weapon_

Circumstances are as follows (be specific):

_On March 27, 2007 at approximately 3:10 Am inmate Robert Hardy/w/m 176046_
_was involved in an alteration with inmate Joe Martin w/m 208789._
_in Staton Kitchen._

This is authorized by _Capt. George Edwards_ this _27_ day of _March_

Your confinement in Segregation is for a period of not more than seventy-two (72) hours. Prior to 72 hours confinement, you will be released, served a PR (Progress Review), disciplinary notice or extended. Extensions must be authorized by the Assistant Warden for further investigation time when justified. The 72 hour confinement excludes weekends and holidays. You may also be confined in Segregation by order of I & I for investigation, criminal prosecution, etc.

While in Administrative Segregation, you will be seen by the Shift Supervisor, a nurse, and officer's daily. You will be seen by a medical doctor upon request from the nurse. You **will not** be permitted television (No **exceptions**) personal newspapers, books, or magazines. You will be given a verbal and written orientation concerning policy and procedures of the Segregation Unit at the time you enter the Unit. You will be provided a healthy environment and personal hygiene items (soap, towel, comb, toothbrush and face cloth). You are not allowed to keep personal items. Clothing and bedding will be issued by the Segregation Unit. Reading materials allowed are one (1) religious book, one (1) additional book or magazine from the Institutional Library and one (1) Alcohol Anonymous and/or Narcotic Anonymous book. You may receive one (1) visit per month by person(s) on your approved visiting list. Request for visits must be sent to the Assistant Warden. You will be permitted one (1) phone call per month by request to the Assistance Warden. Canteen privileges will be authorized on a limited basis. Your signature below indicates that you have collected and secured all of your property from population, and acknowledge receipt of the detention notice

INMATE SIGNATURE: X _Robert Hardy 176046_ AIS # _176046_

DATE: _3/27/07_ TIME: _5:00 Am_

WITNESS: _B.C.h co_

* Inmate's property has been collected and placed into the custody of the Segregation Unit.

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
### DISCIPLINARY REPORT

1. Inmate: **Robert Hardy**    Custody: **Medium**    AIS: **176046**

2. Facility: **Staton Correctional Facility**

3. The above named inmate is being charged by **Lt. Billy Pittman** with violation of rule number **35** specifically **Fighting without A Weapon** from regulation # **403** which occurred on or about **March 27**, **2007** at Approximately **3:10** (am), Location: **Dinning Hall** A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On 3-27-2007, at approximately 3:10 a.m. Inmate Robert Hardy W/M 176046, was involved in an altercation inside Staton dinning hall with Inmate Joe Martin W/M 208789. This puts Inmate Hardy in violation of rule # 35, Fighting Without A Weapon.**

    _3-29-2007_                      _Lt. Billy Pittman_
    Date                              Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **30** day of **March**, 20**07**, at (time) **4:54** (am/pm).

    _Roderick Underwood_ CO          _Robert Hardy_  176046
    Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

6. Witnesses desired?    NO _Robert Hardy_          YES _____
                            Inmate's Signature          Inmate's Signature

7. If yes, list: _____

8. Hearing Date _4-8-07_    Time _3:05 am_    Place _Staton Shift Office_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    _Marcus Floyd Cou Sgt._
    Signature / Hearing Officer

11. Plea: _____    Not Guilty _Robert Hardy_ 176046    Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _Marcus Floyd Cou Sgt._
    Signature / Hearing Officer

Restriction End: 5/17/2007
Old date: 4/18/2007
30 days C&W

Annex C to AR 403 (Page 1 of 5)

**EXHIBIT _1-C_**

13. Arresting Officer's testimony (at the hearing):    On 3-27-2007, at approximately 3:10 A.M. Inmate

Robert Hardy W/M 176046, was involved in an altercation inside Staton's dining hall with Inmate

Joe Martin W/M 208789.

14. Inmate's Testimony:    "I'm guilty.

Witness:    N/A                                    Substance of Testimony:

Witness:    N/A                                    Substance of Testimony:

Witness:    N/A                                    Substance of Testimony:

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

1.  N/A

2.

3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:    On 3-27-2007, at approximately 3:10 a.m. Inmate Robert Hardy

W/M176046 was involved in an altercation inside Staton's dining hall with Inmate Joe Martin

W/M208789. This puts Inmate Hardy in violation of rule #35, Fighting without a weapon.

18. Basis for Finding of Fact:    The Hearing Officer accepts the sworn statement of the arresting officer. The

Arresting officer stated that Inmate Robert Hardy W/M 176046, was involved in an altercation with

Inmate Joe Martin W/M 208789 inside Staton's dining hall on ALDOC Form 225-B; also, Inmate Hardy

Plead guilty to the listed disciplinary charge and his guilty plea was accepted by the hearing officer.

19. Hearing Officer's Decision:    **XXX**    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:    The loss of thirty days store and visitation privileges.

_____
Signature / Hearing Officer

**Marcus Sanford Correctional Sergeant**
Typed Name and Title

21. Warden's Action – Date    4/11/07
    Approved    Edward Robinsin COS II
    Disapproved
    Other (specify)

22. Reason if more then 30 calendar days delay in action.

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the    13    day of    April    2007 at (time)    11.02    (am / pm).

_____    Robert Hardy    176046
Signature / Serving Officer / Title    Inmate's Signature and AIS Number

SCF-07-0279

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Joe Martin**            Custody: **Medium**        AIS: **208789**

2. Facility: **Staton Correctional Facility**

3. The above named inmate is being charged by **Lt. Billy Pittman** with violation of rule number **35** specifically **Fighting without A Weapon** from regulation # **403** which occurred on or about **March 27**, **2007** at Approximately **3:10** (am), Location: **Dinning Hall** A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On 3-27-2007, at approximately 3:10 a.m. Inmate Joe Martin W/M 208789 was involved in an altercation inside Staton dinning hall with Inmate Robert Hardy W/M 176046. This puts Inmate Martin in violation of rule # 35, Fighting Without A Weapon.**

   3-29-07
   _____
   Date

   _____
   Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **30** day of **March**, 200**7**, at (time) **4:48** (am/pm).

   Roderick Underwood CO
   _____
   Serving Officer / Signature / Rank

   REFUSED To Sign    RU
   _____
   Inmate's Signature / AIS Number

6. Witnesses desired?    NO _____        YES  Joe B Mat
                         Inmate's Signature                Inmate's Signature

7. If yes, list: Terry Bowling   Gerald White
   Off. Washington

8. Hearing Date **4-8-07**    Time **3:53AM**    Place Staton Shift Office

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is)/ is not capable of representing himself.

    _____
    Signature / Hearing Officer

11. Plea: Joe B Mat 208789  Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

# NOT GUILTY

Annex C to AR 403  (Page 1 of 5)

**EXHIBIT** 1-D

13. Arresting Officer's testimony  (at the hearing):   **On 3/27/2007, at approximately 3:10am, inmate Joe**
    **Martin, W/M 208789, was involved in a physical altercation inside Staton's dining hall with inmate**
    **Robert Hardy, W/M 176046.**

14. Inmate's Testimony:    **(See attached statement)**

    Witness:   **Terry Bowling, W/167058**     Substance of Testimony:   **"We were talking and Hardy**
    **assumed we were talking about him.  He got mad and threw a glass with juice on us".**

    Witness:   **Gerald Wright, B/192472**     Substance of Testimony:   **"The young boy hit inmate**
    **Martin and threw juice and the cup in his face".**

    Witness:   **CO Jeffery Washington**     Substance of Testimony:   **"When I came in, I saw inmate**
    **Hardy throw a cup with juice in inmate Martin's face".**

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

    _____
    Signature / Hearing Officer

16. The following witnesses were not called  - Reason not called

    1.  **N/A**               **N/A**

    2.  **N/A**               **N/A**

    3.  **N/A**               **N/A**

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: __On 3/27/07, at approximately 3:10am, Inmate Joe Martin was involved__

__in a physical altercation inside Staton's dining hall with inmate Robert Hardy, W176046.  After hearing__

__the facts, the Hearing Officer finds the defendant was defending himself.__

18. Basis for Finding of Fact: __The Hearing Officer accepts the sworn statements and testimony of the defen-__

__dant.  The basis for findings shows that inmate Martin was defending himself.__

19. Hearing Officer's Decision: _____ Guilty __XX__ Not Guilty

20. Recommendation of Hearing Officer: __N/A__

_____
Signature / Hearing Officer

__Marcus Sanford, Correctional Sergeant__
Typed Name and Title

21. Warden's Action – Date __3/11/07__
    Approved __Edward J Robinson Cos II__
    Disapproved _____
    Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    Named inmate on this the __13__ day of __April__ 20__07__ at (time) __11.04__ (am / pm).

_____        _____
Signature / Serving Officer / Title        Inmate's Signature and AIS Number

STATEMENT                          Page 1

Joe B Martin 208789

1 OF 3

On March 27 2007. I was having breakfast
with inmate Terry Bowling From B-Dorm.
When Robert Hardy came into the dining hall
from another dorm that had not been let out for chow.
He sat down a the table next to mine so that
He was facing me. As soon as he sat down he
began a verbal assault on me. Acusing me of
talking about him. I told him me and Terry
Bowling were Discussing another inmate who
Transfered the night before. That I didnt
say anything about him. That he should eat
his breakfast and not worry about it. Then
he said somthing about me being a snitch for
telling Officer McQueen he was not authorized
to be in our dorm. He stood up and said he
would whip every fuck boy at the table.
Then he threw a glass and hit me with it
then he threw a punch at me. only then did
I stand up to try to stop his assualt until
officers could come get him off me. When
The Officers got there he was on top of me
Trying to hit me about my face. The officers told
him to stop fighting, he did not stop until
officer Washington threatened him with his
baton and pulled Robert Hardy up off me.

CONTINUED NEXT PAGE

CONTINUED STATMENT

Under the 403 regulation Self defence is not engaging in a fight all I was doing was trying to Keep Robert Hardy from doing bodily harm home until the Officers arived.

There fore I am not guilty of violating Rule #35 Fighting without a weapon from regulation #403.

I would like the record to reflect that L.T. Copeland told me and Signed his name to my copy of the disciplinary report to Be a wittness I asked L.T. Pittman and Sgt. Sanford for him to be added to my wittness list. Because his testamony was relevent to the outcome of my guilt or inosence L.T. Pittman and Sgt. Sanford refused my request.

There are also mitigateing Circumstances in this case.

Because of lack of Officers, over crowding in prisons, officers working 16 hour shifts and no officer in the dining hall at the time of the attack on me. And nothing being done about the situation that the D.O.C. officers had Knowledge to before hand, this would of never happened Creates a Security risk at ~~Eupateen~~ Staton Correctional Facility, I was attacked by Robert Hardy and another inmate on Feb. 2,200 I Signed a living agreement that day. Robert Hardy and the other inmate were

CONTINUED next PAGE

CONTINUED STATMENT

Put in lock up and released 2½ days later, Robert Hardy Verbally Broke this agreement by trying to start a altercation on or about Feb 12, 2007. Robert Hardy has been excorted out of B-Dorm on several ocassions but no action was taken for being in a unauthorized area.

I went to the shift office in person and reported this to LT. Copeland. After Robert Hardy was in the dorm agin a couple of days later I wrote a request about this to capt. Edwards still nothing was done. D.O.C. officals allowed this second attack on me, where I had no choice but to defend my self from harm until officers could pull Robert Hardy off me. Even after this attack still nothing was done. Robert Hardy went to lock up only to be released back into population a few hours later. Further causing yet another security risk. Also causing mental pain after physical pain for recieving disiplanary action aginst me. Becouse D.O.C. officals did not do there jobs

Respectfully Submitted
Joe B. Martin
208289

1063

~~CONTIUED~~
WITNESS QUESTIONS

no.1 Terry Bowling? ware you in the Dining hall on
or about March 27, 2007 at around 3:10 AM.
having a conversation with Joe martin. <u>yes</u>

no.2 Terry Bowling? would you tell us what the
conversation was about or who it was about.
Troy Nickles

no.3 Terry Bowling? Did Inmate Robert Hardy
Sit Down at the table next to where you
and Joe martin was sitting. yes

no.4 Terry Bowling? At this time did Robert Hardy
Say anything to Joe Martin, and what did
He say. stood up started cussing

no.5 Terry Bowling? what did Joe Martin Say to
Robert Hardy at this time. Said ue wasn't Even Talking About Him

no.6 Terry Bowling? Did inmate Robert Hardy stand
up and throw a glass of juice and take
a swing and hit Joe Martin while Joe Martin
was Sitting down. yes

no.7 Terry Bowling? Would you say that Joe Martin
tried to Stop this verbal abuse from being
physical. yes

no.8 Terry Bowling? Would you say that Joe Martin
Was defending himself from bodily harm from
Robert Hardy? yes

no.9 Terry Bowling? Where there any officers in
the dining hall that you could See. NO

no.10 Terry Bowling? When the officers arived where
was Robert Hardy oposed to Joe Martin. on top

ConTinued A

of 3

no. 11 Terry Bowling? Did Joe Martin comply with the officers commands. yes

no. 12 Terry Bowling? Did Robert Hardy comly with the officers commands. NO

no. 13 Terry Bowling? Have you or ware you present at any other time in the dining hall when Robert Hardy had verbaly threatened Joe Martin. yes

no. 14 Terry Bowling? Could you Tell us about that insodent and what it was about.

no. 15 Terry Bowling? In your opinion did the latest insodent have to do with the same thing as the last verbal attack. yes

no. 16 Terry Bowling? Would you say its because Joe Marti had got Officer Mcqueen to put him out of his dorm about a week after Robert Hardy and another immate attacked Joe Martin in his dorm

no. 17 Terry Bowling? To the best of your Knowledge Would you say that Joe Martin Has done everything he could do to aviod any contact with Robert Hardy. yes

no. 1 Gerald Wright? Where you in the dining hall o or about March 27, 2007. at about 3:10 AM. yes

no. 2 Gerald Wright? When this altercation took place did you See any officers in the dining hall.

no. 3 Gerald Wright? When this altercation took place young g Would you tell us what you Seen take place with

no. 4 Gerald Wright? When the officers arived in the dining hall and gave the command to stop did _____ fighting. NO CONTINUED NEXT PAGE

no.1 Officer Washington? Were you in or near the dining hall on March 27, 2007. at about 3:10 A.M.. yes

no.2 Officer Washington? Was you running the pill call on this paticular morning. No

no.3 Officer Washington? Is it true that Joe Martin goes in to eat as a standing profile Inmate. yes

no.4 Officer Washington? Could you tell us Robert Hardy was in the chow hall with the diabetics and profiles. Aposed to his dorm. yes

no.5 Officer Washington? If Inmate Robert Hardy was to be in the I.N.H. pill call line could you explain why he was in the Kitchen with diabetics and profile people.

no.6 Officer Washington? Were you aware of a verbal attack by Robert Hardy Back in Febuary 2007. because Joe Martin had told you about it. No

no.7 Officer Washington? Was anything done at that time as far as someone from 3rd shift talking to Robert Hardy about this verbal attack

no.8 Officer Washington? Did inmate Joe Martin ever discuss he had talked to LT. Copeland about future problems with Robert Hardy.

no.9 Officer Washington? Were you the first office to get to the altercation between Joe Martin and Robert Hardy. yes

no.10 Officer Washington? When you got there when was Joe Martin aposed to Robert Hardy.

Bottom

CONTINUED NEXT PAGE

no. 11  Officer Washington? Did you give a command to stop this altercation. yes

no. 12  Officer Washington? Did Robert Hardy Stop or did you have to threatin him with your paton. yes

no. 13  Officer Washington? Did Joe Martin Stop What he was doing. yes

no. 14  Officer Washington? In your opinion was Joe Martin fighting or was He trying to protect himself from Robert Hardy hitting him. yes

no. 1  L.T. Pittman? Were you in the dinning hall on or about March 27, 2007. at 3:10 Am. NO

no. 2  L.T. Pittman? Did you see the altercation between Joe Martin and Robert Hardy. Aftermath the Endyes

no. 3  L.T. Pittman? If you wasn't present in the dining hall and didn't See this altercation. How is it you can be the arresting officer and or the officer that charged Joe Martin with Rule 35 fighting without a weapon if you didn't See this altercation  403 Allowes me Tobe men..

no 4  L.T. Pittman? Did Joe Martin inform you that he had signed a living aggrement with Robert Hardy and Robert Hardy had already Verbaly broke thi aggrement on another occasion.

no 5  L.T. Pittman? Did Joe Martin tell you he had discussed this verbal attack with L.T. Copel and in that discussion that he would not fight Robert Hardy he would only defend himself.

CONTINUED NEXT PAGE

No. 6  L.T. Pittman? After Joe Martin told you this did you tell Joe Martin that you were going to go get Robert Hardy's jacket and if He had got a disaplenary for assoalt on a inmate Joe Martin that you was going to lock Robert Hardy up.

No. 7  L.T Pittman? Did you go look at his jacket? and Did you lock him up.

No. 8  L.T. Pittman? Did Robert Hardy admitt physicaly Starting this fight. NO

No. 9  L.T. Pittman? Did Joe Martin tell you he was only defending hisself until the Officers came to stop this attack on him. Maybe

No. 10  L.T. Pittman? Could you tell us why after a living aggrement was Signed. Then Broke twice once verbaly once physicaly By Robert Hardy why is He allowed to have been took out of lock up only a few Hours after being locked up, and to have free rain of this camp. when He is a physica threat to immate Joe Martin.

No. 11  L.T. Pittman? Did you send Joe Martin and Robert Hardy unexcorted to eat breakfast after this altercation.

No. 12  L.T. Pittman? Did Joe Martin refuse and go back into your office.

No. 13  L.T. Pittman? Why do you think Joe Martin didn't want to eat with Robert Hardy.

No. 14  L.T. Pittman? would it be because Joe Martin doesnt want any contact with Robert Hardy because he's a threat to him.

CONTINUED NEXTPASE

no. 15 ~~L.T. Pittman~~? Did Joe Martin come to your office before the 24 hour service on this charge was up and tell you that L.T. Copeland had signed his signature to Joe Martins copy of the charges to be a wittness for Joe Martin. and requested L.T. Copeland To be present at my hearing and you denied his request.

no. 1 ~~Sgt. Stanford~~? Did Joe Martin tell you he was only defending Hisself aginst the attack on him by Robert Hardy.

no. 2 ~~Sgt. Stanford~~? Did you tell Joe Martin that defending Hisself was the same as Rule 35 from 403.

no. 3 ~~Sgt. Stanford~~? Did you not also deny my request to have L.T. Copeland present at my hearing after I told you L.T. Copeland had signed his name to my charge paper.

no. 4 ~~Sgt. Stanford~~? Did you also tell me that L.T. Copela had nothing to say at my hearing that had any Bearing on my guilt or inosence.

no. 5 ~~Sgt. Stanford~~? How could you have any knowledge of what my wittness L.T. Copeland coul of testified to when you haven't even discusse it with him.

no. 1 Robert Hardy? Were you and another inmate charged with assaulting a inmate Joe Martin on or about Febuary 2, 2007 in B-Dorm.

CONTINUED NEXT PAGE

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **Staton Correctional Facility** | 2. Date: **02/02/2007** | 3. Time: **11:45 a.m.** | 4. Incident Number: **SCF-07- 0093** | Class Code: **C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: **B-Dormitory** | 6. Type of Incident: RULE VIOLATION (S) #31-Assault on Another Inmate/ #50-Being in an Unauthorized Area |
|---|---|

| 7. Time Incident Reported: **11:50 a.m.** | 8. Who Received Report: **Sergeant Reosha Butler** |
|---|---|

| 9. Victims: | Name | | No. | |
|---|---|---|---|---|
| a. | Joe Martin | | No. | WM/208789 |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | Charles Simmons | No. | BM/191397 | | a. | | No. | |
| b. | Robert Hardy | No. | WM/176046 | | b. | | No. | |
| c. | | No. | | | c. | | No. | |
| d. | | No. | | | d. | | No. | |
| e. | | No. | | | e. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:

a  N/A
b
c

15. Narrative Summary:

On February 02, 2007, Officer Simon McNabb was assigned as Staton First Shift B-Dormitory Rover. At approximately 11:45 a.m., Inmate Joe Martin WM/ 208789, bleeding from his mouth and nose, approached Officer McNabb at B-Dormitory's cubicle and stated to Officer McNabb that Inmate Martin had been physically assaulted by Inmates Charles Simmons BM/191397 and Robert Hardy WM/176046. Inmate Martin further stated that Inmates Simmons and Hardy commence to punch Inmate Martin in the head and face while Inmate Martin was laying on Inmate Martin's assigned bed asleep and as Inmate Martin awaken, Inmates Simmons and Hardy ran out of B-Dormitory's sleeping area. At approximately 11:50 a.m., Inmates Simmons and Hardy were escorted to Staton's Shift Commander's Office, where the incident was reported to First Shift Assistant Commander, Sergeant Reosha Butler. Inmates Simmons and Hardy were both questioned on what happened to Inmate Martin. During questioning, Inmates Simmons and Hardy admitted to Sgt. Butler that they (Simmons and Hardy) did physically assault Inmate Martin inside of B-Dormitory, while Inmate Martin was asleep because Inmate Martin had previously called Inmate Simmons a "bitch." Inmate Hardy also stated that Inmate Hardy's assigned sleeping area was actually D-Dormitory, Bay 3-Bed 15, and that Inmate Hardy assisted Inmate Simmons in assaulting Inmate Martin. Inmates Simmons and Hardy were verbally reprimanded on their cowardly misconduct and advised that disciplinary action for Rule Violation #31-Assault on Another Inmate and Rule Violation #50-Being in an Unauthorized Area was forthcoming. At approximately 11:55 a.m., Inmate Martin was escorted to Staton Health Care Unit for a body chart. See Attachment. At approximately 1:40 p.m., Officer Grayling Davis escorted Inmates Simmons and Hardy to Staton Health Care Unit for body charts. See Attachment(s). At approximately 1:50 p.m., Inmate Simmons was placed in Holding Cell #3B, pending disciplinary action for Rule Violation #31-Assault on Another Inmate and Inmate Hardy was placed in Holding Cell #2A, pending disciplinary action for Rule Violation #31-Assault on Another Inmate and Rule Violation #50-Being in an Unauthorized Area. Inmate Martin remains in Staton inmate population with no further action taken at this time.

Simon McNabb, Correctional Officer

Distribution:  ORIGINAL AND ONE (1) COPY to Central I.& I Division        COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File                                                                      COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

EXHIBIT 1-E



STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

BOB RILEY
GOVERNOR

DONAL CAMPBELL
COMMISSIONER

DATE: 2-2-2007

MEMORANDUM

TO : Capt. Edwards

FROM: Lt. Copeland

REF  : Living Agreement

This is to acknowledge that I (we) have been orally reprimanded this date by Lt. Willie Galen concerning our disagreement. By our signature(s) we relieved any and all Department of Corrections Officials of any liabilities and damages. We acknowledge that our problem (s) have been worked out an that we can live at this institution without violence existing between us. I (we) understand that, even though I (we) have signed this form, disciplinary action may still be taken against me (us). This statement is made of my (our) own free will without threats or promises from anyone.

#1 Joe MARTIN 2-2-07
Inmate's Printed Name/ Date

#1 Joe B Mart 208789
Inmate's Signature / AIS#

#3 Charles Simmon 2-2-07
Inmate's Printed Name/ Date

#3 Charles Simmons 191397
Inmate's Signature/ AIS#

#2 Robert Hardy 2-2-07
Inmate's Printed Name/ Date

#2 Robert Hardy 176046 2-2-07
Inmate's Signature/ AIS#

#4 _____
Inmate's Printed Name/ Date

#4 _____
Inmate's Signature/ AIS#

Sgt. Keosha Pittle 2-2-07
Witness                    Date

Cc: Classification (One copy for each inmate involved)
    Shift File

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE 2/12/07 | TIME 11:40 ☑AM ☐PM | ORIGINATING FACILITY _Sec_ ☐SIR ☐PDL ☐ESCAPEE ☐ | | ☐SICK CALL ☑EMERGENCY ☐OUTPATIENT |

| ALLERGIES | CONDITION ON ADMISSION ☑GOOD ☐FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA |

| VITAL SIGNS: TEMP 97.7 | ORAL RECTAL | RESP. 13 | PULSE 90 | B/P 120/78 | RECHECK IF SYSTOLIC <100> 50 ___/___ |

**NATURE OF INJURY OR ILLNESS**

: Body hurt Per Doc
? Altercation ? another
inmate.

| ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / _____ SUTURES |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

Bruise noted ® side of
nose ® eye, small laceration
noted on bridge of nose +
® side of chin

A - Alteration in comfort

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
| Motrin 600mg PO BID × 2 wks | | |

P Return to HCu if
Problem Occur

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE 2/12/07 | TIME 11:5 ☑AM ☐PM | RELEASE / TRANSFERRED TO ☐DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☑SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |
| NURSE'S SIGNATURE ___ RN | DATE 2/12/07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Martin, Joe | DOC# 208787 | DOB 7/7/61 | R/S W/M | FAC. Sec |

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY _Staton_ | ☐ SICK CALL ☑ EMERGENCY |
|---|---|---|---|
| 2/2/07 | 40 ☑ AM ☐ PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ OUTPATIENT |

| ALLERGIES   NKDA | CONDITION ON ADMISSION  ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP  98⁶ ☑ ORAL ☐ RECTAL   RESP. 18   PULSE 86   B/P 140 86   RECHECK IF SYSTOLIC ___/___  <100> 50

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE z z | LACERATION / ___ SUTURES |
|---|---|---|---|---|---|

S) "In a fight - el
was not hit and
have no injuries"

PHYSICAL EXAMINATION

O) Wt 150lbs, O2sat 98%,
A+O X3 Resp + ease +
non labored, Ø injuries
noted. VS WNL Ø stands
erect + walks c̄
steady gait

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| P) Release to officer | | |
| | | |
| | | |
| | | |
| | | |

A) Body chart per DOC

DIAGNOSIS

INSTRUCTIONS TO PATIENT   Release to DOC

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|
| 2/2/07 | 45 ☑ AM ☐ PM | ☐ DOC ☑ AMBULANCE ☐ | ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| _S. Tooley LPN 2-2-07_ | | | | |

| INMATE NAME (LAST, FIRST, MIDDLE)   Simmons, Charles | DOC# 191399 | DOB 7-12-95 | R/S B/M | FAC. SCC |
|---|---|---|---|---|




**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE 2/2/07 | TIME 1³⁰ AM (PM) | ORIGINATING FACILITY Staton □SIR □PDL □ESCAPEE □ | □ SICK CALL ☑EMERGENCY □ OUTPATIENT |

| ALLERGIES NKDA | CONDITION ON ADMISSION ☑GOOD □FAIR □POOR □SHOCK □HEMORRHAGE □COMA |

| VITAL SIGNS: TEMP 99.2 (ORAL) RECTAL | RESP. 20 | PULSE 78 | B/P 12/70 | RECHECK IF SYSTOLIC <100> 50 |

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |

S) "Another inmate was
calling me names, so I
beat him up - I have
∅ injuries"

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

O) O₂sat 97%, wt 168lbs,
A+O×3. Resp. c̄ ease +
nonlabored! ∅ injuries
noted. USWNL. Stands
erect and walks c̄
steady gait

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |

P) Release to officer

A) Bodily Chart per DOC

DIAGNOSIS

INSTRUCTIONS TO PATIENT
Release to DOC

| DISCHARGE DATE 2/2/07 | TIME 140 AM (PM) | RELEASE / TRANSFERRED TO ☑DOC □AMBULANCE □ | CONDITION ON DISCHARGE ☑SATISFACTORY □POOR □FAIR □CRITICAL |

| NURSE'S SIGNATURE S. Taylor LPN | DATE 2-2-07 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Hardy, Robert | DOC# 176046 | DOB 10-25-28 | R/S W/m | FAC. SCC |

INSTITUTION: _____

INMATE _Charles Simmons B 191397_    DATE _2/3/07_

Relax (White)

| | | |
|---|---|---|
| _l_ | 1. | BIBLE (1) |
| _0+0_ | 2. | STATIONARY/STAMPS |
| _0+l_ | 3. | PENCIL (1) PEN |
| **6** | 4. | SOCKS – WHITE (6 pr.) |
| _5+1_ | 5. | UNDERSHIRTS/UNDERWEAR – WHITE (6) |
| _X_ | 6. | HANDKERCHIEFS (6) |
| _l_ | 7. | TOILET ARTICLES – CLEAR, NON-GLASS CONTAINERS |
| _X_ | 8. | LEGAL PAPERS |

| | | |
|---|---|---|
| _l_ | 9. | TENNIS SHOES – WHITE (1 pr.) |
| _l_ | 10. | SHOWER SHOES (1 pr.) Brown |
| _O_ | 11. | RELIGIOUS NECKLACE (1) – $25.00 VALUE OR LESS |
| _X_ | 12. | WALLET (1) |
| _O_ | 13. | WRIST WATCH (1) – $25.00 VALUE OR LESS |
| _X_ | 14. | WEDDING BAND (1) – $50.00 VALUE OR LESS    PKo 25 |
| _l_ | 15. | RADIO — EARPHONES (1 ea.) – PURCHASED FROM CANTEEN |
| _l_ | 16. | BOOKS (3) – RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED) |

### DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $ _N/A_    WRIST WATCH $ _N/A_    WEDDING BAND $ _N/A_

_Charles Dimmen_
(INMATE SIGNATURE)                                      (WITNESS)

### PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

| | | |
|---|---|---|
| | (2) Keys | (2) Toothbrush |
| (1) Thorgun | (1) Lock | (1) DrinKing cup |
| (1) Jacket | (1) Nail Clipper | (1) Razor |
| (1) Thermal Top | (1) Tweezers | |
| (1) Sweat suite | (3) Soaps | |
| (2) Snake Belt | (2) Deoddarant | |
| (2) Face Tower | (1) Lotion | |
| (1) Bath Tower | (1½) Shoompoo | |
| (1) pk Letters And Pictures | | |

_Charles Dimmens_ 191397              X _____  COI
(INMATE SIGNATURE)                        (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

INSTITUTION: _STATON_

INMATE _RoBERT HARDY 176046_    DATE _2-2-07_

_1_  1. BIBLE (1)

___  2. STATIONARY/STAMPS

_1_  3. PENCIL (1)

_5 pr._  4. SOCKS - WHITE (6 pr.)

_6 pr._  5. UNDERSHIRTS/UNDERWEAR - WHITE (6)

___  6. HANDKERCHIEFS (6)

_1_  7. TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS

_YES_  8. LEGAL PAPERS

___  9. TENNIS SHOES - WHITE (1 pr.)

_1 pr_  10. SHOWER SHOES (1 pr.)

___  11. RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS

___  12. WALLET (1)

___  13. WRIST WATCH (1) - $25.00 VALUE OR LESS

___  14. WEDDING BAND (1) - $50.00 VALUE OR LESS

___  15. RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN

_3_  16. BOOKS (3) - RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED)

## DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $_____  WRIST WATCH $_____  WEDDING BAND $_____

_____    _John Bullock_
(INMATE SIGNATURE)                                    (WITNESS)

## PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

2 TOWELS
1 FACECLOTH
1 SWEATSUIT
1 BAG CHEETOS
1 BOX ENVELOPES
1 BOX PICTURES
1 BOTTLE HERBAL ESSENCE
1 TUBE TOOTHPASTE

1 BOTTLE LUBRIDERM
2 BATTERIES
1 BAG BUGLER

_____    _____
(INMATE SIGNATURE)                                    (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

STATON CORRECTIOAL FACILITY
INMATE DETENTION NOTIFICATION

FROM:    Lt. Willie Copeland                                    TEAM LEADER

TO: INMATE   Robert Hardy                    AIS#   176046        DOB:   2/05/1972

REF: **ADMINISTRATIVE SEGREGATION**

You are placed in Administrative Segregation for:

Pending disciplinary action for violating Rule #31 Assault on Another Inmate.

Circumstances are as follows (be specific):

At approximately 11:30 a.m., Sgt. Butler conducted an investigation concerning allegations that Inmates Robert Hardy W/M 176046 and Charles Simmons B/M 191397 had been involved in assaulting Inmate Joe Martin W/M 208789 in B-Dormitory sleeping area. At approximately 11:50a.m, during the investigation Inmate Hardy admitted to Sgt. Butler, that he (Inmate Hardy) did assault Inmate Martin in B- Dormitory sleeping area on the above mentioned date. Inmate Hardy's actions places Inmate

This is authorized by    Warden II Levan Thomas        this   2nd    day of    February
Your confinement in Segregation is for a period of not more than seventy-two (72) hours.  Prior to 72 hours confinement, you will be released, served a PR (Progress Review), disciplinary notice or extended. Extensions must be authorized by the Assistant Warden for further investigation time when justified.  The 72 hour confinement excludes weekends and holidays.  You may also be confined in Segregation by order of I & I for investigation, criminal prosecution, etc.
While in Administrative Segregation, you will be seen by the Shift Supervisor, a nurse, and officer's daily. You will be seen by a medical doctor upon request from the nurse.  You **will not** be permitted television **(No exceptions)** personal newspapers, books, or magazines.  You will be given a verbal and written orientation concerning policy and procedures of the Segregation Unit at the time you enter the Unit.  You will be provided a healthy environment and personal hygiene items (soap, towel, comb, toothbrush and face cloth). You are not allowed to keep personal items.  Clothing and bedding will be issued by the Segregation Unit. Reading materials allowed are one (1) religious book, one (1) additional book or magazine from the Institutional Library and one (1) Alcohol Anonymous and/or Narcotic Anonymous book.  You may receive one (1) visit per month by person(s) on your approved visiting list.  Request for visits must be sent to the Assistant Warden.  You will be permitted one (1) phone call per month by request to the Assistance Warden. Canteen privileges will be authorized on a limited basis.  Your signature below indicates that you have collected and secured all of your property from population, and acknowledge receipt of the detention notice

INMATE SIGNATURE  Robert Hardy                    AIS #   176046

DATE:   2/2/07        TIME:    2:33 P.m.

WITNESS:

* Inmate's property has been collected and placed into the custody of the Segregation Unit.

STATON CORRECTIOAL FACILITY
INMATE DETENTION NOTIFICATION

FROM:    Lt. Willie Copeland                                                TEAM LEADER

TO: INMATE   Charles Simmons                   AIS#   B/M 191397    DOB:   07/12/1975

REF: **ADMINISTRATIVE SEGREGATION**

You are placed in Administrative Segregation for:

Pending disciplinary action for violating Rule #31 Assault on Another Inmate.

Circumstances are as follows (be specific):

At approximately 11:30 a.m., Sgt. Butler conducted an investigation concerning allegations that Inmates Robert Hardy W/M 176046 and Charles Simmons B/M 191397 had been involved in assaulting Inmate Joe Martin W/M 208789 in B-Dormitory sleeping area. At approximately 11:50a.m, during the investigation Inmate Hardy admitted to Sgt. Butler, that he (Inmate Hardy) did assault Inmate Martin in B- Dormitory sleeping area on the above mentioned date. Inmate Hardy's actions places Inmate

This is authorized by   Warden II Levan Thomas        this   2nd   day of   February

Your confinement in Segregation is for a period of not more than seventy-two (72) hours. Prior to 72 hours confinement, you will be released, served a PR (Progress Review), disciplinary notice or extended. Extensions must be authorized by the Assistant Warden for further investigation time when justified. The 72 hour confinement excludes weekends and holidays. You may also be confined in Segregation by order of I & I for investigation, criminal prosecution, etc.

While in Administrative Segregation, you will be seen by the Shift Supervisor, a nurse, and officer's daily. You will be seen by a medical doctor upon request from the nurse. You **will not** be permitted television (**No exceptions**) personal newspapers, books, or magazines. You will be given a verbal and written orientation concerning policy and procedures of the Segregation Unit at the time you enter the Unit. You will be provided a healthy environment and personal hygiene items (soap, towel, comb, toothbrush and face cloth). You are not allowed to keep personal items. Clothing and bedding will be issued by the Segregation Unit. Reading materials allowed are one (1) religious book, one (1) additional book or magazine from the Institutional Library and one (1) Alcohol Anonymous and/or Narcotic Anonymous book. You may receive one (1) visit per month by person(s) on your approved visiting list. Request for visits must be sent to the Assistant Warden. You will be permitted one (1) phone call per month by request to the Assistance Warden. Canteen privileges will be authorized on a limited basis. Your signature below indicates that you have collected and secured all of your property from population, and acknowledge receipt of the detention notice

INMATE SIGNATURE   Charles Simmons        AIS #   191397

DATE:   2/2/07        TIME:   2:33 P.m.

WITNESS:

* Inmate's property has been collected and placed into the custody of the Segregation Unit.

3.

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Robert Hardy**      Custody: **Medium**      AIS: **WM/176046**

2. Facility: **STATON CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Officer Simon McNabb** with violation of rule number **#50** specifically **Being in an Unauthorized Area** from regulation **#403** which occurred on or about **February 02, 2007** at (time) **11:45 (a.m.)**, Location: **B-Dormitory** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On February 2, 2007 at approximately 11:45 a.m. Inmates Robert Hardy WM/176046 and Inmate Charles Simmons BM/191397, physically assaulted Inmate Joe Martin WM/208789, inside of B-Dormitory because Inmate Martin had called Inmate Simmons a "bitch" earlier. Inmate Hardy's assigned bed area is D-Dormitory Bay #3 Bed #15 and Inmate Hardy did not have permission to be in B-Dormitory. Therefore, Inmate Hardy is in violation of Rule Violation#50-Being in an Unauthorized Area.**

    _3 Feb 07_                  _Simon McNabb_ Co
    Date                        Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _3rd_ day of _February_ , 200_7_ at (time) _12_ (am/pm).

    _Ralph Kendrick_ Cot          _Robert Hardy_  176046
    Serving Officer / Signature / Rank     Inmate's Signature / AIS Number

6. Witnesses desired? (NO) _Robert Hardy_          YES _____
                        Inmate's Signature              Inmate's Signature

7. If yes, list: _____

8. Hearing Date _2/04/2007_   Time _12:18 p.m._   Place _Holding Cell #2-A_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is) is not) capable of representing himself.
    _Pamela Harris, Co II_
    Signature / Hearing Officer

11. Plea: _____ Not Guilty _X Robert Hardy_ _____ Guilty
                              176046

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Pamela Harris, Co II_
    Signature / Hearing Officer

_Restriction End: 4/18/2007_
_Old date: 3/19/2007_
_30 days CSW_

**EXHIBIT** _1-F_

Annex C to AR 403  (Page 1 of 5)

13.  Arresting Officer's testimony (at the hearing):   On February 2, 2007, at approximately 11:45 a.m., Inmate
     Robert Hardy W/176046, assaulted Inmate Joe Martin W/208789, inside B-Dormitory. Inmate Hardy's
     assigned bed area is D-Dormitory bay #3, bed #15. Inmate Hardy did not have permission to be in
     B-Dormitory.


14.  Inmate's Testimony:    I'm guilty.


     Witness:   None Submitted                    Substance of Testimony:


     Witness:   N/A                               Substance of Testimony:


     Witness:   N/A                               Substance of Testimony:


15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.
     _Pamela Harris, COII_
     Signature / Hearing Officer

16.  The following witnesses were not called  - Reason not called

     1.  None Submitted
     2.
     3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:    On February 2, 2007, at approximately 11:45 a.m., at Staton

Correctional Facility, Inmate Robert Hardy W/176046, was inside B-Dormitory. Inmate Hardy's

bed assignment is D-Dormitory bay #3, bed #15. Inmate Hardy did not have permission to be present

inside B-Dormitory.


18. Basis for Finding of Fact:    The Hearing Officer accepts and believe the arresting officer's sworn

testimony to be the facts as related to this incident and accepts Inmate Hardy's guilty plea.


19. Hearing Officer's Decision:    __XX__ Guilty    _____ Not Guilty

20. Recommendation of Hearing Officer:    The Hearing Officer Recommends (30) days loss of Canteen, and

Visitation.

_Pamela Harris, CO II_
Signature / Hearing Officer

**Pamela Harris, Correctional Officer II**
Typed Name and Title

21. Warden's Action – Date  2/5/2007

Approved    _George Edwards, Capt_

Disapproved

Other (specify) _____


22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above

Named inmate on this the ___22___ day of __FEBRUARY__ 20_07_ at (time) _____ (am / pm)

_Sgt. RICHARD GADDEL, Corr. Sgt._        _Robert Hardy  176046_
Signature / Serving Officer / Title        Inmate's Signature and AIS Number

SCF-07-0093

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
### DISCIPLINARY REPORT

1. Inmate: **Robert Hardy**    Custody: **Medium**    AIS: **WM/176046**

2. Facility: **STATON CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Officer Simon McNabb** with violation of rule number **#31** specifically **Assault on Another Inmate** from regulation **#403** which occurred on or about **February 02, 2007** at (time) **11:45 (a.m.)**, Location: **B-Dormitory** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On February 2, 2007 at approximately 11:45 a.m. Inmate Robert Hardy WM/176046 and Inmate Charles Simmons BM/191397, physically assaulted Inmate Joe Martin W/208789, inside of B-Dormitory because Inmate Martin had called Inmate Simmons a "bitch" earlier. Both Inmates Hardy and Simmons admitted to assaulting Inmate Martin. Therefore, Inmate Hardy is in violation of Rule Violation# 31-Assault on Another Inmate.**

    _3 Feb 07_    _Simon McNabb cot_
    Date    Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _3th_ day of _Febuary_ , 200_7_ at (time) _12_ (am/pm).
    _Refused to Sign_
    _Ralph Kahlil COT_    _Ralph Kahlil_
    Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

6. Witnesses desired?    (NO) _Refused to Sign_    YES _____
    Inmate's Signature    Inmate's Signature

7. If yes, list: _____

8. Hearing Date _2/04/2007_    Time _12:15 p.m._    Place _Holding Cell #2-A_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _Pamela Harris, CO II_
    Signature / Hearing Officer

11. Plea: _____    Not Guilty _X Robert Hardy 176046_ Guilty
    _176046_

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Pamela Harris CO II_
    Signature / Hearing Officer

_Restriction End: 3/19/2007_
_45 days CRW_

**EXHIBIT _1-G_**    Annex C to AR 403  (Page 1 of 5)

13. Arresting Officer's testimony  (at the hearing):   On February 2, 2007, at approximately 11:45 a.m., Inmate Robert

Hardy W/176046 and Inmate Charles Simmons B/191397, physically assaulted Inmate Joe Martin W/208789, inside

of B-Dormitory because Inmate Martin had called Inmate Simmons a "bitch" earlier. Both Inmates Hardy and

Simmons admitted to assaulting Inmate Martin. Therefore, Inmate Hardy is in violation of Rule #31-Assault on

Another Inmate.


14. Inmate's Testimony:    Inmate Robert Hardy W/176046, entered a plea of guilty.




Witness:  N/A                                    Substance of Testimony:



Witness:  N/A                                    Substance of Testimony:



Witness:  N/A                                    Substance of Testimony:



15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

        *Pamela Harris, CO II*
        Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

    1.  N/A

    2.

    3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: On February 2, 2007, at approximately 11:45 a.m., at Staton Correctional Facility, Inmate Robert Hardy W/176046, did willingly attempt or threaten to inflict injury upon Inmate Joe Martin W/208789, who is an inmate housed at Staton C.F., giving the victim reason to fear or expect bodily harm. The Hearing Officer further finds that the victim did sustain the following injuries that are reflected on the body chart, on the victim prepared by the Staton Health Care Unit. The Hearing Officer also finds that the assault was a

18. Basis for Finding of Fact: The finding is based on the testimony of Officer Simon McNabb , the arresting officer, who stated under oath that Inmate Robert Hardy W/176046, did assault Inmate Martin. Inmate Hardy willingly attempted to or threatened to inflict injury upon Inmate Martin. This finding is also supported by testimony from Officer Simon McNabb. The Hearing Officer did believe the testimony of Inmate Hardy when he entered a plea of

19. Hearing Officer's Decision: __X__ Guilty _____ Not Guilty

20. Recommendation of Hearing Officer: (45) days loss of canteen and visiting privileges. (15) days of segregation with time served.

_Pamela Harris, COII_
Signature / Hearing Officer

**Pamela Harris, Correctional Sergeant**
Typed Name and Title

21. Warden's Action – Date  2/5/2007

Approved  _George Edwards, Capt_

Disapproved  _____

Other (specify)  _____

22. Reason if more then 30 calendar days delay in action.  _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _22_ day of _FEBRUARY_ 20_07_ at (time) _5:41_ (am / pm)

_St. Richard Jones/Corr Sgt._
Signature / Serving Officer / Title

_Robert Hardy 176046_
Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT (OPTIONAL)**

Inmate Name /AIS Number     Robert Hardy WM/176046          Incident Report No.   SCF- 07-

Facility :         STATON CORRECTIONAL FACILITY

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER
(QBHO) TO ARRESTING OFFICER:

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO
INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):

CONTINUED FINDINGS OF FACTS:      result of Inmate Martin calling Inmate Simmons a "bitch" earlier. The
Hearing Officer finds that any inmate who willingly attempts or threatens to inflict injury upon another inmate giving the
victim reason to fear or expect immediate bodily harm is guilty of violating Rule #31, Assault on Another Inmate.
Therefore, the Hearing Officer finds Inmate Robert Hardy W/176046 guilty of violation of Rule #31, Assault on Another
Inmate.

CONTINUED BASIS FOR FINDING OF FACT:      guilty.

Annex C to AR403 (Page 4 of 5)

ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. Inmate: **Charles Simmons**    Custody: **Medium**    AIS: **BM/191397**

2. Facility: **STATON CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Officer Simon McNabb** with violation of rule number **#31** specifically **Assault on Another Inmate** from regulation **#403** which occurred on or about **February 02, 2007** at (time) **11:45 (a.m.)**, Location: **B-Dormitory**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: On February 2, 2007 at approximately 11:45 a.m. Inmate Charles Simmons BM/191397 and Inmate Robert Hardy WM/176046, physically assaulted Inmate Joe Martin W/208789, inside of B-Dormitory because Inmate Martin had called Inmate Simmons a "bitch" earlier. Both Inmates Simmons and Hardy admitted to assaulting Inmate Martin. Therefore, Inmate Simmons is in violation of Rule Violation# 31-Assault on Another Inmate.

   _3 FEB 07_        _McNabb CO1_
   Date                     Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _5TH_ day of _FEBRUARY_ ; 20_07_ at (time) _12:04_ (am/pm)

   _Refused to Sign_
   _Robyl Kendrick CO1_               _Refused to Sign_
   Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

6. Witnesses desired?    (NO) _Refused to Sign_       YES _____
                          Inmate's Signature                    Inmate's Signature

7. If yes, list: _____

8. Hearing Date _2/04/2007_   Time _12:10 p.m._   Place _Holding Cell #3-A_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _Pamela Harris, CO II_
    Signature / Hearing Officer

11. Plea: _____ Not Guilty _X Charles Simmons 191397_ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Pamela Harris, CO II_
    Signature / Hearing Officer

_Restriction End: 3/19/2007_
_45 days CEW_

**EXHIBIT** _1-H_

Annex C to AR 403 (Page 1 of 5)

13. Arresting Officer's testimony (at the hearing):    On February 2, 2007, at approximately 11:45 a.m., Inmate Charles Simmons B/191397 and Inmate Robert Hardy W/176046, physically assaulted Inmate Joe Martin W/208789, inside of B-Dormitory because Inmate Martin had called Inmate Simmons a "bitch" earlier. Both Inmates Simmons and Hardy admitted to assaulting Inmate Martin. Therefore, Inmate Simmons is in violation of Rule #31-Assault on Another Inmate.

14. Inmate's Testimony:    Inmate Charles Simmons B/191397, entered a plea of guilty.

Witness:  N/A                          Substance of Testimony: _____

Witness:  N/A                          Substance of Testimony: _____

Witness:  N/A                          Substance of Testimony: _____

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Pamela Harris, COII_
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

1.  N/A
2.
3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:     On February 2, 2007, at approximately 11:45 a.m., at Staton Correctional

Facility, Inmate Charles Simmons B/191397, did willingly attempt or threaten to inflict injury upon Inmate Joe

Martin W/208789, who is an inmate housed at Staton C.F., giving the victim reason to fear or expect bodily harm.

The Hearing Officer further finds that the victim did sustain the following injuries that are reflected on the body

chart, on the victim prepared by the Staton Health Care Unit. The Hearing Officer also finds that the assault was a

18. Basis for Finding of Fact:     The finding is based on the testimony of Officer Simon McNabb , the arresting officer,

who stated under oath that Inmate Charles Simmons B/191397, did assault Inmate Martin. Inmate Simmons

willingly attempted to or threatened to inflict injury upon Inmate Martin. This finding is also supported by testimony

from Officer Simon McNabb. The Hearing Officer did believe the testimony of Inmate Simmons when he entered a

19. Hearing Officer's Decision:     __X__ Guilty     _____ Not Guilty

20. Recommendation of Hearing Officer:     (45) days loss of canteen and visiting privileges. (15) days of segregation

with time served.

_Pamela Harris, COII_
Signature / Hearing Officer

**Pamela Harris, Correctional Sergeant**
Typed Name and Title

21. Warden's Action – Date _2/5/2007_

Approved _George Edwards, Capt_

Disapproved _____

Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the ___ day of _FEBRUARY_ 20_07_ at (time) _5:45_ (am / pm)

_Sgt. RICHARD GOLDEL/Corr. Sgt._                _Refused to sign Sgt. RICHARD GOLDEL_
Signature / Serving Officer / Title                Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number     Charles Simmons BM/191397     Incident Report No.   SCF- 07-

Facility :     STATON CORRECTIONAL FACILITY

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):

CONTINUED FINDINGS OF FACTS:     result of Inmate Martin calling Inmate Simmons a "bitch" earlier. The Hearing Officer finds that any inmate who willingly attempts or threatens to inflict injury upon another inmate giving the victim reason to fear or expect immediate bodily harm is guilty of violating Rule #31, Assault on Another Inmate. Therefore, the Hearing Officer finds Inmate Charles Simmons B/191397 guilty of violation of Rule #31, Assault on Another Inmate.

CONTINUED BASIS FOR FINDING OF FACT:     plea of guilty.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE BENOIT MARTIN, #208789,    )
    )
    Plaintiff,    )
    )
    v.    )  CIVIL ACTION NO.  2:07-CV-335-MEF
    )
STATE OF ALABAMA DEPT OF    )
CORRECTIONS,  et.al.    )
    )
    Defendants.    )

## A F F I D A V I T

**State of Alabama**    :

**Elmore County**    :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Leon Forniss, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Leon Forniss.  I am presently employed as a Correctional Warden III with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025.  I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Joe Martin W/M #208789 and this is my response to his complaint.

In this civil action, Inmate Martin makes no specific allegations against me.

As Warden of Staton Correctional Facility, all incidents reports are reviewed by me or my designee.

**EXHIBIT  2**

On February 2, 2007, Inmate Joe B. Martin, WM #208789, was involved in a physical assault with Inmate Robert Hardy, W/M #176046 and Inmate Charles Simmons, B/M #191397 in B-Dormitory. The report indicate that Inmate Martin was assaulted by Inmate Simmons and Inmate Hardy while Inmate Martin slept. As a result of the assault Inmate Hardy and Inmate Simmons was placed in single cells pending further investigation of the incident and pending disciplinaries for Assault on Another Inmate. After further investigation of the incident, Inmate Martin, Inmate Hardy and Inmate Simmons did sign a Department of Corrections, Inmate Living Agreement. The living agreement enabled the inmates to return to population stating that they could live together in this institution without violence existing between them. This agreement further relieved the Department of Corrections Officials of any liabilities and damages.

On March 27, 2007, Inmate Joe Martin, W/M #208789, was involved in a physical altercation with Inmate Robert Hardy, W/M #176046, in the chow hall at the breakfast meal. Inmate Hardy was placed in a single cell pending further investigation of the incident. Inmate Martin was allowed to return to the same assigned bed in population. Inmate Hardy remained in a single cell pending an enemy validation on Inmate Martin and Inmate Hardy. Inmate Martin never expressed to any of the security staff that Inmate Martin feared for his life being in population with Inmate Hardy.

On April 25, 2007, Inmate Martin expressed to Correctional Lieutenant Willie Copeland that he feared bodily harm being in Staton's population. Inmate Joe Martin was placed in a single cell pending transfer to a safe institution where Inmate Martin did not fear for his life. Inmate Martin transferred from Staton Correctional Facility on April

27, 2007 to Kilby Correctional Facility, an institution more equipped with single cells

than Staton.

To my knowledge, the above- related facts are the entirety of my involvement

with Inmate Joe Martin concerning the allegations on which his complaint is based.

I deny that I have violated any well-established civil rights of Inmate Martin.


_____
LEON FORNISS


SWORN TO and SUBSCRIBED before me this _____ day of May 2007.


_____
NOTARY PUBLIC

_____
My Commission Expires:

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE BENOIT MARTIN, #208789, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-335-MEF |
| | ) | |
| STATE OF ALABAMA DEPT OF | ) | |
| CORRECTIONS, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## A F F I D A V I T

**State of Alabama**    :
                        :
**Elmore County**       :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Edward Robinson, who being known to be and being by me first duly sworn, deposes and says on oath as follows:

My name is Edward Robinson. I am presently employed as a Correctional Captain with the Alabama Department of Corrections at Staton Correctional Facility, P. O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age.

I have reviewed the complaint of Inmate Joe Martin W/M #208789 and this is my response to his complaint.

In this civil action, Inmate Martin makes no specific allegations against me. In this civil action, Inmate Martin makes several complaints about being assaulted by Inmate Robert Hardy, W/M #176046.

My assignment at Staton Correctional Facility is Administrative Captain, primarily responsible for administrative and security matters at Staton. My only

**EXHIBIT** _3_

involvement with this particular incident is that I signed as one of the reviewer of the report upon completion of the February 2, 2007, incident report that was submitted. My involvement with the March 27, 2007, report is that I was the approving authority.

I have not received any complaints from Inmate Joe Martin being in fear of bodily harm from Inmate Robert Hardy.

To my knowledge, the above-related facts are the entirety of my involvement with Inmate Martin concerning the allegations on which his complaint is based. I deny that I have violation any well-established constitutional rights of Inmate Martin.

*Edward Robinson*

EDWARD ROBINSON

SWORN TO and SUBSCRIBED before me this _22_ day of May 2007.

*Annie Latimore*

NOTARY PUBLIC

_12/06/2008_

My Commission Expires

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE MARTIN, #2087895 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTIN NO. 2:07-CV-335-MEF |
| | ) | |
| STATE OF ALABAMA DEPT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## A F F I D A V I T

**State of Alabama**    :

**Elmore County**    :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Willie Copeland, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Willie Copeland. I am presently employed as a Correctional Officer Supervisor I with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Joe Martin and this is my response to his complaint.

In this civil action, Inmate Joe Martin, W/M #208789 alleges that he reported on several occasions to different supervisors that he feared for his safety in this institution from Inmate Robert Hardy. Inmate Hardy was placed in a single cell after both physical

**EXHIBIT** 4

altercations occurred with Inmate Martin. In the February 2, 2007 incident, all procedures in accordance to ALDOC Administrative Regulations was followed. At the conclusion of the investigation of the incident involving Inmate Martin, Inmate Hardy and Inmate Simmons, corrective measures was taken to assure that the incident was contained. Inmate Robert Hardy and Inmate Charles Simmons was both placed in single cells as it was determined that they assaulted Inmate Martin while Inmate Martin slept.

Inmate Hardy, Inmate Martin, and Inmate Simmons were allowed to sign an Inmate Living Agreement without threats or coercion. Inmate Living Agreements are tools used in conflict resolution on an institutional level. In the Living Agreement it specifically outline that when an inmate signs the agreement it relieves any and all Department of Corrections Officials of any liabilities and damages.

To my knowledge, the above-related facts are the entirety of my involvement with Inmate Martin concerning the allegations on which his complaint is based.

I deny that I have violated any well-established civil rights of Inmate Martin.

_Willie Copeland_
WILLIE COPELAND

SWORN TO and SUBSCRIBED before me this _22_ day of May 2007.

_Annie Latimore_
NOTARY PUBLIC

_12/06/2008_
My Commission Expires:

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE BENOIT MARTIN, #208789          )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    CIVIL ACTION NO. 2:07-CV-335-MEF
                                    )
STATE OF ALABAMA DEPT OF            )
CORRECTIONS, et. al.                )
                                    )
            Defendants.             )

## AFFIDAVIT

**State of Alabama**       :

**Elmore County**          :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Billy Pittman, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Billy Pittman. I am presently employed as a Correctional Lieutenant with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Joe Martin, W/M #208789 and this is my response to his complaint.

In this civil action, Inmate Joe Martin alleges that he reported on several occasions to different supervisors that he feared for his safety in this institution from Inmate Robert Hardy. Inmate Hardy was placed in a single cell after the physical

**EXHIBIT** _5_

altercation with Inmate Martin.  In the March 27, 2007, incident which occurred on Third

Shift, I was the investigating and arresting Officer.  Third Shift is the shift that I am

assigned as the Correctional Lieutenant in charge.  Inmate Robert Hardy, W/M #176046

and Inmate Joe Martin, W/M #208789 were charge with Fighting Without a Weapon.

Inmate Martin alleges that Correctional Lieutenant Billy Pittman   showed

deliberate indifference toward Inmate Martin's safety.  Lieutenant Pittman was the senior

supervisor on duty and exercised the best judgment within his realm of duty in

accordance to ALDOC Administrative Regulations.

To my knowledge, the above-related facts are the entirety of my

involvement with Inmate Martin concerning the allegations on which his complaint is

based.

I deny that I have violated any well-establishes civil rights of Inmate Martin.


_____
BILLY PITTMAN


SWORN TO and SUBSCRIBED before me this __22__ day of May 2007.

_____
NOTARY PUBLIC

__12/06/2008__
My Commission Expires:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE MARTIN #205439         )

       Plaintiff,           )

       v.              )  CIVIL ACTION NO.2:06-CV-335-MEF

STATE OF ALABAMA DEPT OF    )
CORRECTIONS. et. al.         )

      Defendants.      )

## A F F I D A V I T

**State of Alabama**    :

**Elmore County**      :

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Marcus Sanford, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Marcus Sanford.  I am presently employed as a Correctional Sergeant with the Alabama Department of Corrections at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025.  I am over twenty-one years of age and have personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Joe Martin  W/M #205439 and this is my response to his complaint.

In this civil action, Inmate Martin makes  no specific allegations against me.

In this civil action, Inmate Joe Martin alleges that he reported on several occasions to different supervisors that he feared for his safety in this institution from

**EXHIBIT** _6_

Inmate Robert Hardy.  Inmate Hardy was placed in a single cell following the physical

altercation between Inmate Hardy and Inmate Martin.  In my scope of performing my

duties I completed the INMATE DETENTION NOTIFICATION placing Inmate Hardy

in a single cell.  I served as the Hearing Officer when the disciplinary was being held on

Inmate Joe Martin.  The finding of the disciplinary on Inmate Martin was a "Not Guilty"

decision.

       To my knowledge, the above- related facts are the entirety of my

involvement with Inmate Joe Martin concerning the allegations on which his complaint is

based.

       I deny that I have violated any well-established civil rights of Inmate Martin.


MARCUS SANFORD


SWORN TO and SUBSCRIBED before me this _22_ day of May  2007.


NOTARY PUBLIC

12/06/2008

My Commission Expires: