In The United States District Court
for the Middle District of Alabama
Northern Division

Joe Benoit Martin,
AIS No: 208789
    Plaintiff,

VS.

Leon Forniss, Et.Al.,
    Defendants,

Civil Action: 2:07-CV-335-MEF

"Plaintiff Response to the Written Report filed by the Defendants"

Comes, now the above plaintiff response to defendant(s) Special Report(s). Plaintiff shall show good cause for asking in dire strait in this Requesful Legal Coquovit for the Honorable United States Magistrate Judge Wallace Capel, Jr., for Leave to take additional discovery [Rule 16].

The above Plaintiff, Martin, an inmate in the Alabama Dept. of Corrections, states that, while he was confined at Staton Correctional Facility, Defendants failed to adequately protect him from being assaulted by Robert Nardy, after two (2) incidents between the two (2) inmates. This is "Lack of Security in said institution due to indifference and over-crowding", for "Failure to adhere to Alabama Dept. of Corrections Regulation separation of known enemis". This not only voilate A DOC Regulations, this voilation is a Constitutional guarantee to protect a prison from cruel and unusal punishment.

Inmate, Martin will produce some evidence which would be admissible at trial supporting his constitutional

claims, Plaintiff must go beyond the pleading and ... designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v Catrett, 477 U.S. 317, 324 [1986]." Plaintiff will show the the [trier of fact] could reasonably find for this plaintiff. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed. 2d 202 [1986]" Walker v. Darby, 911 F.2d 1573, 1576-1577 [11th Cir. 1990],

Plaintiff affidavit, Disciplinary Report [Exhibit A], Living Agreement [Exhibit B], also witness, Terry Bowling, W/167058, Gerald Wright, B/192472, COI Jeffery Washington, Lt. Willie Copeland [Exhibit C], which stands now as a prima facie case as to each and every exhibit(s) that shall point out and to such malicious intents of their default's in a defamatory manner, Lt. Willie Copeland affidavit has presented conflicting evidence. Northington, 973 F.2d at 1521, on summary judgment, defendant(s) report is treated as an affidavit, and the court is not authorized to accept it's fact finding if defendant(s) has presented conflicting evidence. Gee v. Estes, 829 F.2d 1005, 1007 [10th Cir. 1987], Collins v. Cundy, 603 F.2d [10th Cir. 1979], Reed v. Dunham, 893 F.2d 285, 287 N 2 [10th Cir. 1990],

The Plaintiff has demonstrated through prima facie evidence and appropriate precedent there is a genuine issue of material fact(s) relating to a constitutional violation and that he is entitled to a judgment as a matter of law. Mr. Martin submission(s) clearly has merited his required burden. The Plaintiff is there entitled to a judgment in his favor.

## Certificate of Service

I certify on the 2 day of July 2007, that copies has been served on the District Court of the United States Middle District of Alabama, Hon. Neal P. Conner, Counsel Alabama Dept. of Corrections by U.S. Mail prepaid.

Jesse Benoit Martin
Respectfully Submitted,
Plaintiff

Exhibit (A)

ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. Inmate: __Joe Martin__   Custody: __Medium__   AIS: __208789__

2. Facility: __Staton Correctional Facility__

3. The above named inmate is being charged by __Lt. Billy Pittman__ with violation of rule number __35__ specifically __Fighting without A Weapon__ from regulation # __403__ which occurred on or about __March 27__, __2007__ at Approximately __3:10__ (am), Location: __Dinning Hall__. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On 3-27-2007, at approximately 3:10 a.m. Inmate Joe Martin W/M 208789 was involved in an altercation inside Staton dinning hall with Inmate Robert Hardy W/M 176046. This puts Inmate Martin in violation of rule # 35, Fighting Without A Weapon.**

__3-29-07__   __[signature]__
Date   Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __30__ day of __March__, 20__07__, at (time) __4:48__ (am/pm).

__Roderick Underwood CO__   __Refused To Sign RU__
Serving Officer / Signature / Rank   Inmate's Signature / AIS Number

6. Witnesses desired?   NO _____   YES __Joe B Martin__
   Inmate's Signature   Inmate's Signature

7. If yes, list: __Terry Bowling  Gerald White__
   __Off. Washington__

8. Hearing Date __4-8-07__   Time __3:53 AM__   Place __Staton Shift Office__

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is)/ is not capable of representing himself.
    __[signature]__
    Signature / Hearing Officer

11. Plea: __Joe B Martin 208789__ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    __[signature]__
    Signature / Hearing Officer

**NOT GUILTY**

Annex C to AR 403 (Page 1 of 5)

EXHIBIT __1-D__

13. Arresting Officer's testimony (at the hearing): On 3/27/2007, at approximately 3:10am, inmate Joe Martin, W/M 208789, was involved in a physical altercation inside Staton's dining hall with inmate Robert Hardy, W/M 176046.

14. Inmate's Testimony: (See attached statement)

Witness: Terry Bowling, W/167058    Substance of Testimony: "We were talking and Hardy assumed we were talking about him. He got mad and threw a glass with juice on us".

Witness: Gerald Wright, B/192472    Substance of Testimony: "The young boy hit inmate Martin and threw juice and the cup in his face".

Witness: CO Jeffery Washington    Substance of Testimony: "When I came in, I saw inmate Hardy throw a cup with juice in inmate Martin's face".

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called
    1. N/A         N/A
    2. N/A         N/A
    3. N/A         N/A

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: <u>On 3/27/07, at approximately 3:10am, Inmate Joe Martin was involved in a physical altercation inside Staton's dining hall with inmate Robert Hardy, W176046. After hearing the facts, the Hearing Officer finds the defendant was defending himself.</u>

18. Basis for Finding of Fact: <u>The Hearing Officer accepts the sworn statements and testimony of the defendant. The basis for findings shows that inmate Martin was defending himself.</u>

19. Hearing Officer's Decision: _____ Guilty   **XX**   Not Guilty

20. Recommendation of Hearing Officer: <u>N/A</u>

_____
Signature / Hearing Officer

**Marcus Sanford, Correctional Sergeant**
Typed Name and Title

21. Warden's Action – Date _4/11/07_
    Approved _Edward J Robinson CoSII_
    Disapproved _____
    Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _13_ day of _April_ 20_07_ at (time) _11:04_ (am / pm).

_____        _____
Signature / Serving Officer / Title         Inmate's Signature and AIS Number

Annex C to AR 403  (Page 3 of 5)

In The United States District Court
for The Middle District of Alabama
Northern Division

Joe Benoit Martin,
AIS No. 208789
Plaintiff,

vs. Leon Forniss,
State of Alabama, Dept.
of Corrections, et. al.
Defendants,

Civil Action No: 2:07-CV-335-MEF

## Affidavit

I, Joe Martin, being duly sworn depose and say; I am over the age of twenty-one (21) years of age. I am the plaintiff in this case that will present prima facie evidence that can not be refuted by law and will show the following hereto:

1. I, the plaintiff, Joe Martin, was assaulted on Feb. 2, 2007 on the 1st shift by inmate Robert Nardy and an unidentified inmate while he was sleeping. Inmate Nardy was charged being in an unauthorized area and assault on inmate. Inmate Nardy plea guilty to both violation on Feb. 5, 2007. Alabama Dept. of Corrections failure to provide adequate security before and after verbal and physical assault by another inmate; in which constitutes cruel and unusual punishment.
   SEE: Disciplinary Report

2. On or about Feb. 13, 2007, on the 3rd shift inmate Nardy verbally threatened the plaintiff; and on Feb. 14, 2007, plaintiff reported this incident to Lt. Copeland on 1st shift.

3. On March 27, 2007, Plaintiff, Martin was involved in an altercation inside Staton dinning hall with inmate Robert Hardy [fighting without a weapon]. This deliberate indifference shown by defendants, toward inmate Martin safety is a clear violation of the plaintiff's rights, A DOC rules and regulations in order to maintain security with in an institution; also to adhere to the Constitutional guarantee to protect a prison from cruel and unusual punishment. SEE: Disciplinary Report

The smoke screeen presented by the Alabama Dept. of Corrections, in their claim that they are doing everthing possible to relieve over-crowding is only an attempt to circumvent federal law, prohibiting any state to subject a person to cruel and unusual punishment forbade by the United States Constitution. SEE: Affidavits from Defendants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Joe Benoit Morton
Affiant

Notary Public

State of Alabama
County of Montgomery

Sworn to and subscribed before me on this the 2nd day of July 2007.

4/9/2011
My Commission Expires

_____
Notary Public

## Certificate of Service

I certify on the 2 day of July 2007, that copies has been served on the District Court of the United States Middle District of Alabama, Nov. Neal P. Conner, Counsel Alabama Dept. of Corrections by U.S. Mail prepaid.

Joe Benoit Martin
Respectfully Submitted,
Plaintiff

Joe Benoit Martin, AE5 208789
P.O. Box 150
Mt. Meigs, Ala. 36057

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

LEGAL MAIL

"This correspondence is forwarded from an Alabama State Prison. It has not been evaluated, and the Department of Corrections is not responsible for the substance or content of the enclosed communication."